E-FILED
 Monday, 31 October, 2005  02:20:28 PM
 Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Glen Ward, | ) | |
| Plaintiff | ) | |
| | ) | Case No. 05-1109 |
| | ) | |
| Knox County, Knox County Sheriff's | ) | |
| Department, and Deputy Kenneth Worrell, | ) | |
| Defendants | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court are two motions, a motion to dismiss (#12) filed by Knox County and the Knox County Sheriff's Department, and a Motion to Strike (#26) filed by Kenneth Worrell.

The motion to dismiss raises four arguments: (1) that Worrell was not properly served, (2) that punitive damages and attorneys fees are not available for the state law claims, (3) that the complaint fails to state a cause of action against the County, and (4) that the complaint fails to state a cause of action for indemnification. The motion to strike asserts that the prayer for attorneys fees and punitive damages are improper as a matter of law and must be stricken.

Motions to strike are governed by Fed.R.Civ.P.12(f), which provides that portions of a pleading may be stricken if they are "redundant, immaterial, impertinent, or scandalous." Generally, where the argument is that a portion of a pleading fails as a matter of law, the motion is deemed a motion to dismiss. In this instance, the court so deems.

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, it should be construed broadly and liberally in conformity with the mandate in Rule 8(f).

Plaintiff's response to these two motions addresses only the service issue. That issue is therefore dealt with first. In the County's motion, it is asserted that purported service on Worrell was accomplished by leaving a copy of the complaint and the summons with the Sheriff. At the time of service, Worrell was no longer a deputy sheriff employed by Knox County. Assuming that to be true, however, Worrell has filed his own motion and he has not raised that issue. Accordingly, I deem the service issue to be waived, and to that extent the County's motion to dismiss is denied.

With respect to the attorneys fees and punitive damages issues, Plaintiff has not disputed the unavailability of such damages in state law claims. Under Illinois' Tort Immunity Act, punitive damages cannot be recovered from local governmental entities such as the County and the Sheriff. 735 ILCS 10/1-206 and 10/2-102. In this complaint, Counts II, III and IV of the complaint are state law claims. The motion to dismiss the prayers for punitive damages are therefore granted to that extent.

Similarly, there is no Illinois common law right to recover attorneys fees. In the absence of a statute allowing such recovery - and no such statute has been brought to the court's attention - each party's fees are the obligation of that party. See, e.g., Cariso v. Bd. of Trustees of the Public Sch. Teachers' Pension and Retirement Fund of Chicago, 473 N.E.2d 417, 420 (Ill.App. 1984); Catania v. Local 4250, 834 N.E.2d 966 (Ill.App. 2005).

The motions to dismiss the prayers for attorneys fees in Counts II, III, and IV are therefore granted.

Count IV of the complaint asserts that a local public entity is obligated to pay any tort judgment against an employee (with certain limitations unimportant to this discussion). As a very broad statement, this is probably true. There is, however, no tort judgment. If there is one and if it is unpaid by the employee, then perhaps Plaintiff could seek to collect that judgment under the Act. At this point in time, however, such an action is premature. The County's motion to dismiss Count IV is therefore granted, and Count IV is dismissed.

The difficult question presented by the motion relates to the relationship between the County and the Sheriff. This question has been litigated for over a decade. See, Potochney v. Doe, 2002 WL 31628214 (N.D.Ill. Nov. 21 2002)(Sheriff is separate and independent entity from County, dismissing § 1983 action against County); Moy v. County of Cook, 640 N.E.2d 926, 929 (Ill.1994)(county is not vicariously liable for tort of sheriff's employee); Ryan v. County of DuPage, 45 F.3d 1090, 1092 (7th Cir. 1995)(in most circumstances sheriffs are independently elected officials not subject to county's control); Franklin v. Zaruba, 150 F.3d 682, 684-6 (7th Cir. 1998)(§1983 suits against sheriffs in their official capacities are not suits against the county); Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989)(Sheriff is independently elected and not answerable to County Board). But see Hernandez v. County of DuPage, No. 96C8030, 1997 WL 598132 at *5-9 (N.D.Ill. Feb. 15 1997)(Moy and Ryan are wrongly decided in light of McMillian v. Monroe County, 520 U.S. 781(1997)(functional analysis of state law determines whether an official is a policy making official for purposes of municipal liability under § 1983).

Much of the uncertainty was resolved by <u>Carver v. Sheriff of LaSalle County</u>, 787 N.E.2d 127, 136-37 (Ill. 2003). In that case, the Illinois Supreme Court considered some of the cases cited above in addressing the question of whether a judgment against the sheriff could be collected from the county. The Court held that, as a matter of Illinois law, the county was obligated to pay such judgments even though the Sheriff was not an employee of the County but rather was answerable to the electorate of the county.

I conclude that under the facts alleged in this case, a § 1983 action or a tort claim against a sheriff or one of a sheriff's deputies is not an action against the corresponding county . Other than some sort of respondeat superior theory, there is no allegation that ties the conduct of the deputy with the County - no allegations of collaboration, for example, or other direct County involvement. The motion to dismiss the County is therefore granted.

The motion to dismiss is therefore granted in part and denied in part as stated herein. The motion to strike is granted. Count IV is dismissed. The prayers for punitive damages and attorneys fees are dismissed from Counts II and III. The County of Knox is terminated as a party.

ENTER this 31st day of October, 2005.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE